UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DESIREE K. REEDUS, MD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.   1:21-CV-357-HAB |
| ) | |
| DENIS MCDONOUGH, et al. ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff Desiree K. Reedus, MD (Dr. Reedus), an African American female who worked as a licensed physician for the VA, filed an amended complaint asserting employment discrimination and a state law defamation claim against the VA and her supervising physician, Dr. Wayne McBride ("Dr. McBride"). (ECF No. 42, Am. Compl.). The Government moves to dismiss the defamation claim (Count IV). (ECF No. 43). The motion is fully briefed and ripe for consideration. (ECF Nos. 44, 46, and 47).

**DISCUSSION**

*1. Applicable Standard*

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The allegations, however, must "give the defendant fair notice of what the...claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Put another way, the complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

   2. **Factual Background**

A full factual recitation of the facts in the Amended Complaint is unnecessary for the Court to resolve the present motion. Plaintiff believes she was subjected to a hostile work environment while employed at the VA, the VA retaliated against her for complaining of that hostile working environment, and terminated her in violation of Title VII. Counts 1 through 3 of the Amended Complaint assert claims of Title VII race and sex discrimination and retaliation against the VA. (Am. Compl. ¶¶s 81–117). Count 4 asserts that after her termination, the VA's acting chief of staff, Dr. McBride, acted outside the scope of his VA employment, by knowingly making false and malicious statements to a prospective employer about the reasons for her termination. (Am. Compl. ¶¶s 118–129). The Government moves to dismiss Count IV.

   3. **Analysis**

Broadly, the Government asserts that Dr. McBride is absolutely immune from suit because the Court has already substituted the United States for Dr. McBride (ECF No. 14) under the Westfall Act, 28 U.S.C. §2679. When a federal employee is sued, the Westfall Act empowers the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Thus, as the Government sees it, it has already complied with the Westfall Act and it's a done deal. Alternatively, the Government asserts that the Federal Tort Claims Act (FTCA) provides the exclusive remedy for personal injury arising from torts committed by any federal employee while

2

acting within the scope of his or her employment. 28 U.S.C. § 2679(b) (1); *Neville v. True,* 1995 WL 549046, at *4 (N.D. Ill. Sept. 12, 1995). The Government argues that since Plaintiff did not exhaust her administrative remedies through the FTCA, she cannot maintain Count IV against Dr. McBride.

Defendants are partially correct on the law but premature in filing their motion. An amended complaint acts as a complete substitute for the original complaint and the case proceeds only on the allegations in the amended complaint. *See Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward."). Thus, when Plaintiff filed her amended complaint, that became the controlling document in the case. The Government's prior request to substitute itself for Dr. McBride under the Westfall Act (and the Court's order at ECF No. 21) were rendered moot.[1] *See Stein v. United States*, 2021 WL 4895338, at *3 (S.D. Ill. Oct. 20, 2021) ("Westfall Act immunity is not self-executing, that is, a federal employee does not receive absolute immunity from torts committed within the scope of his employment *until* the "scope of employment" certification is made.").

If the Government intends to certify that Dr. McBride's actions alleged in the Amended Complaint were within the scope of his employment, it must file a new certification responsive to the factual allegations in the Amended complaint. Under § 2679(d)(1), upon certification by the Attorney General or her delegate that an individual defendant was acting in the scope of his employment, the tort action "shall be deemed to be an action against the United States ... and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). But the certification is subject to judicial review. *Martinez v. Lamagno,* 115 S. Ct. 2227, 2231 (1995).

---

[1] In fact, the Court forecasted this result in its Opinion and Order granting Plaintiff leave to amend her complaint. *See* ECF No. 27 at 4, n. 4

Indeed, "[t]he plaintiff may challenge the substitution of the United States as the sole defendant, however, by contesting the scope certification and arguing that the employee defendant was not acting within the scope of employment at the time the tortious conduct occurred." *Taboas v. Mlynczak,* 149 F.3d 576, 579 n. 1 (7th Cir. 1998). The certification creates a rebuttable presumption that the federal employee was acting within the scope of his or her employment and thus Plaintiff may challenge the presumption. *Ezkiel v. Michel,* 66 F.3d 894, 896 (7th Cir. 1995) ("once the Attorney General certifies that a defendant employee was acting within the scope of his federal employment, the plaintiff bears the burden of demonstrating otherwise."); *Marcum v. McDonough*, 2021 WL 4477815, at *4 (S.D. Ind. Sept. 30, 2021) (certification constitutes prima facie evidence that the employee was acting within the scope of his employment).

When a review of the certification is requested, the plaintiff bears the initial burden of proving that the federal employee's conduct was outside the scope of his or her employment. *Taboas,* 149 F.3d at 582; *Hamrick v. Franklin,* 931 F.2d 1211 (7th Cir. 1991). To meet this burden of proof, the plaintiff must articulate specific facts. *Schrob v. Catterson,* 967 F.2d 929, 935 (3d Cir. 1992); *McHugh v. University of Vermont,* 966 F.2d 67, 74 (2d Cir. 1992). Moreover, the determination of whether a government employee acted within the scope of his employment is determined by reference to state law. *Hunter v. United States*, 825 Fed. Appx. 699, 701 (11th Cir. 2020); *Garcia v. United States,* 62 F.3d 126, 127 (5th Cir. 1995); *Henson v. NASA,* 14 F.3d 1143, 1147 (6th Cir. 1994). Thus, to determine whether Dr. McBride was acting within the scope of his employment, the Court must look to Indiana law. *U.S. ex rel. Durcholz v. FKW Inc.,* 997 F. Supp. 1143, 1150 (S.D. Ind. 1998). But while this is the process the Court and the parties must undertake in a contested request to substitute, the Government has not moved to

4

substitute based on the new allegations in the Amended Complaint. Thus, this process has not yet unfolded.

The Government also correctly notes that under the doctrine of sovereign immunity, the United States must consent to be sued before a tort action may be maintained against it. *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991). The Federal Tort Claims Act (FTCA) is a limited waiver of the government's sovereign immunity for certain tort claims. 28 U.S.C. §§ 1346(b), 2671–2680; *see also Molzof v. United States*, 502 U.S. 301, 305 (1992). Under the FTCA, the United States has consented to being sued in tort, "but only insofar as the plaintiff has exhausted his administrative remedies." *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). Before bringing suit, a claimant must have "first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). This prerequisite "requires claimants to give government agencies an initial opportunity to resolve claims." *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008).

The Government asserts that the Plaintiff did not exhaust her administrative remedies under the FTCA and so she cannot maintain an ordinary state law defamation claim against the VA. This is true, but again, premature. As the Court understands Plaintiff's allegations in the Amended Complaint, she is claiming that Dr. McBride acted outside of his employment responsibilities with the VA and made false statements to her prospective employer about the reasons for her termination from the VA. Thus, she is suing Dr. McBride as an individual in Count 4, not as a representative or employee of the United States. The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 141 S. Ct. 740, 745 (2021). But if, as Plaintiff asserts, Dr. McBride was not acting in his capacity as chief of staff for

5

the VA when he allegedly made the false, malicious statements to her prospective employer, she is not suing the federal government and is not required to comply with the FTCA. *See Hasbun v. United States,* 2010 WL 5150986, at *1 (N.D. Ill. Dec. 10, 2010) ("If the United States' substitution was proper, then the plaintiff has no individual claims against Dr. Tong and the plaintiff must proceed against the United States under the Federal Tort Claims Act..."). Again, however, this Court cannot yet make this determination as no request to substitute has been made related to the Amended Complaint.[2]

Moreover, considering the requirement that Plaintiff articulate specific facts, *see Schrob,* 967 F.2d at 935, the parties may need to conduct limited discovery to determine the facts related to the scope of employment issue so that the Court has a proper record to decide the issue rather than the more limited record established from the Amended Complaint alone. *See Casey v. Guthrie,* 2010 WL 455497, at *1 (S.D. Ill. Feb. 4, 2010) ("[i]f a defendant's Westfall certification is drawn from facts pleaded in the complaint, discovery on the issue will not be necessary"). That said, when a party challenges certification, courts have allowed limited discovery on the scope-of-employment issue. *See e.g.*, *Huff v. United States*, 2021 WL 2533443, at *2 (S.D. Ill. June 21, 2021); *Casey v. Guthrie*, 2010 WL 455497, at *1 (S.D. Ill. Feb. 4, 2010). *See also Alexander v. Mount Sinai Hosp. Med. Ctr. Of Chicago*, 165 F. Supp. 2d 768, 772 (N.D. Ill. 2007). Whether discovery is necessary can be addressed by the Magistrate Judge once the United States has moved to substitute itself for Dr. McBride and Plaintiff (presumably) objects. But for

---

[2] The Court interprets Plaintiff's response as acknowledging that if the Court finds that Dr. McBride was acting within the scope of his VA employment at the time of the events, Count 4 is a non-starter given Plaintiff's failure to comply with the FTCA. (ECF No. 46, at 6).

now, the Motion to Dismiss Count IV of Plaintiff's First Amended Complaint (ECF No. 43) is DENIED.[3]

## CONCLUSION

For the above reasons, the Government's Motion to Dismiss (ECF No. 43) is DENIED.

SO ORDERED on February 6, 2023.

                                          s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT

---

[3] Once the parties develop a factual record, it may be that the issue is amenable to summary judgment one way or the other.