**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **DESIREE K. REEDUS MD,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 1:21-cv-00357-HAB-SLC** |
| | ) |
| **DENIS MCDONOUGH,** *in his official* | ) |
| *Capacity as Secretary of the United* | ) |
| *States Department of Veterans, et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court are two requests for attorney fees filed by Plaintiff Desiree

Reedus's attorney, Mary Kinas ("Counsel"), for litigating a motion to compel and responding to

Defendants' objection to the ruling on the motion to compel. (ECF 60, 72). For the following

reasons, the Court will GRANT IN PART and DENY IN PART Counsel's requests for attorney

fees (ECF 60, 72).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2023, the Court ordered the parties to conduct limited discovery to

determine whether Defendant Wayne McBride acted within the scope of his employment at the

United States Department of Veterans Affairs ("VA") when he filled out an employment

verification form[1] which allegedly contained defamatory remarks about Plaintiff. (ECF 57).

Plaintiff served discovery on Defendants pursuant to the limited discovery order but

subsequently filed a motion to compel on June 20, 2023, believing the responses received were

non-responsive. (ECF 60). In her motion to compel, Plaintiff requested the Court compel

---

[1] The employment verification forms may be referred to as "credentialing requests," as relevant therein.

responses to interrogatories 1(i) and (k), 5, 6, 7, 8, and 9 and request for production 6, all of which generally requested that Defendants produce information pertaining to the employment verification form(s) filled out by Defendant McBride. (*Id.*). Additionally, Counsel requested attorney fees, a request that is now before the Court.

During a telephonic hearing held on the motion to compel on September 19, 2023, the Court granted the motion to compel in part, directed Counsel to file a fee affidavit in support of her fee request, and took the request for attorney fees under advisement. (ECF 67). Counsel subsequently filed a fee affidavit, requesting $3,075 in attorney fees for 12.3 hours spent in drafting the motion to compel at an hourly rate of $250. (ECF 69, 69-1). Defendants filed an objection on the grounds that their discovery responses were substantially justified, that the motion to compel was partially granted and therefore an award would be unjust, and that the requested fee is not reasonable because Counsel is requesting fees for time spent after drafting the motion to compel. (ECF 73 at 2). Plaintiff has not filed a reply to the objection, and her time to do so has passed. N.D. Ind. L.R. 7-1(d)(3).

The proceedings, however, did not end here. On October 3, 2023, Defendants filed an objection to the undersigned's ruling on the motion to compel (ECF 67) pursuant to Federal Rule of Civil Procedure 72 and an accompanying memorandum. (ECF 70, 71). Defendants objected to the ruling with respect to interrogatory 5 and request for production 6, arguing that the undersigned erred by concluding the requested discovery was relevant and proportional to the needs of the case and erred by issuing a decision that was overly vague because it did not specify or explain which "credentialing request" Defendants should produce. (ECF 71 at 3). Counsel filed a response in opposition to the objection on October 12, 2023 (ECF 72), requesting

additional attorney fees for addressing Defendants' objection. Defendants filed a reply on October 24, 2023. (ECF 74).

On February 12, 2024, Chief Judge Brady issued an Order overruling Defendants' objection, noting in her conclusion that she took "no position on the Plaintiff's request for sanctions for the fees incurred by Plaintiff to respond to [Defendants'] objection." (ECF 75 at 7 n.3). Because the Court was unable to evaluate what fee amount Counsel requested in connection with her response to the objection or the reasonableness of such fee, the Court ordered Counsel to file a supplemental fee affidavit and afforded Defendants fourteen days to file an objection thereafter, if any. (ECF 85). Counsel filed her supplemental fee affidavit on April 28, 2024 (ECF 86, 86-1), to which Defendants objected on May 13, 2024 (ECF 87), arguing that their Rule 72 objection was substantially justified and the requested fee unreasonable. The two requests for fees are now ripe for ruling.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a) governs the imposition of expenses and sanctions related to a motion to compel. It provides, in pertinent part:

(a) Motion for an Order Compelling Disclosure or Discovery.

> (1) *In General*. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

. . . .

> > (5) *Payment of Expenses; Protective Orders*.

> > > (A) . . . If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred

in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a).

This Rule "presumptively requires every loser to make good the victor's costs . . . ." *Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (citation omitted). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at 786-87.

"Reasonable attorney fees under Rule 37 are calculated using the 'lodestar' method, which is a reasonable hourly rate multiplied by the hours reasonably expended." *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015) (citations omitted). "A reasonable rate is one 'derived from the market rate for the services rendered.'" *Id.* (quoting *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011)). "The Court must also determine whether an attorney's requested award is for hours reasonably spent." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355-HAB-SLC, 2019 WL 2635944, at *4 (N.D. Ind. June 27, 2019). "Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 902 (N.D. Ind. 2013) (citation omitted).

### III. ANALYSIS

*A. Motion to Compel*

Defendants first assert that attorney fees relating to the motion to compel are not warranted because their response to the requested discovery was substantially justified. The Court mostly disagrees. In its ruling, the Court noted as a threshold matter that the credentialing requests sought were relevant to the limited discovery ordered by the Court in its April 14, 2023, Notice and Order (ECF 57). (ECF 68 at 16). The Court then granted the motion to compel with respect to interrogatories 1(i) and (k), observing that the answers thereto were improper because they did not identify the specific pages to the document to which they referred. (*Id.*). The Court further opined that despite interrogatories 5 and 6 and request for production 6 being relevant to the scope of employment issue, the motion would be granted but the discovery sought would be reduced to three years instead of five to comply with the proportionality mandate of Rule 37. (*Id.*). The Court also granted the motion with respect to interrogatories 7 and 8, specifically noting that an objection suggesting that the interrogatory was "fodder for deposition is not sufficient." (*Id.* at 18). The Court lastly granted the motion with respect to interrogatories 8 and 9 and explained that "to the extent that the VA is not in possession of this information, [Defendants should] explain [their] efforts and what [they've] done to obtain this information." (*Id.*). The Court afforded the parties an opportunity to determine a methodology employed for producing the requested discovery and, in that spirit, elected not to impose a time limitation on the production of discovery. (*Id.* at 20).

Under Rule 37(a)(5)(A)(ii), a party's resistance to discovery is "substantially justified" when there is "a genuine dispute." *Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624-MJD-TWP, 2018 WL 3328140, at *3 (S.D. Ind. July 6, 2018) (citing *Fogel v. Bukovic*, No. 11 C 1178, 2011

WL 2463528, at *3 (N.D. Ill. June 20, 2011)). Put another way, resistance is substantially

justified "if reasonable people could differ as to the appropriateness of the contested action."

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations and brackets omitted). Beginning with

interrogatories 1(i) and (k), Defendants' answers were not substantially justified. Those

interrogatories requested a description of any applicable policy the VA was required to follow

when processing employment verification forms. (ECF 60-3 at 5-8). In response, Defendants

objected to the interrogatories because they called for a legal conclusion, answered that there was

no such policy or procedure but referred to a document titled "Privacy Act and System of

Records" (a 122-page document) as a document the VA followed in responding to credentialing

requests. (*Id.*; *see* ECF 60 at 3).

     "[A]n interrogatory response generally should be complete in and of itself and stand on

its own." *Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 18 C 0825, 2020 WL

1701861, at *6 (N.D. Ill. Apr. 8, 2020) (citation omitted). "That means the response should not

refer to pleadings, depositions, other documents, or other interrogatories, especially when such

references make it impracticable to determine whether an adequate answer has been given

without a cross-checking comparison of answers." *Id.* (alteration omitted) (citation, internal

quotations marks, and footnote omitted). "If [a responding party] relies upon [a business record

under Federal Rule of Civil Procedure 33(d)] for any interrogatory supplementation . . ., [the

responding party] must identify the documents or portions of documents at issue specifically

enough so that [the requesting party] is able to locate the answers just as easily as" the

responding party. *Id.* at *7 (citations and internal quotation marks omitted). "Reliance upon

[Rule] 33(d) requires, at a minimum, identification of specific pages, by Bates number, from

which the interrogating party can locate and identify the responsive information as readily as the

responding party could." *Est. of Daniels v. City of Indianapolis*, No. 1:20-cv-02280-JRS-MJD, 2021 WL 4844145, at *14 n.8 (S.D. Ind. Oct. 18, 2021). There can be no genuine dispute that, to the extent the policy was relevant to processing employment verification forms, Defendants should have referred to the specific pages responsive of interrogatories 1(i) and (k). Defendants failed to do so, and thus, their answers to interrogatories 1(i) and (k) were not substantially justified.

Next, the answer to interrogatories 7 and 8—which directed Plaintiff to conduct a deposition instead of providing a full response because the interrogatory "call[ed] for a narrative response that is better suited to deposition"—was likewise not substantially justified. (ECF 60-3 at 11-12). While interrogatories are an "inexpensive, convenient method of discovery," *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 682 (7th Cir. 2002), depositions can be burdensome and expensive, *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 868 (7th Cir. 2019) (stating that "it generally makes sense not to take a witness's deposition until [lawyers] have the relevant documents in hand" because "[d]epositions are expensive"). Here, Defendants made no effort to explain that "the information sought by [Plaintiff] would be obtained more efficiently by deposition than by interrogatories." *Bd. of Educ. of Evanston Twp. High Sch. Dist. No. 202, Cook Cnty., Ill. v. Admiral Heating & Ventilating, Inc.*, 104 F.R.D. 23, 31 (N.D. Ill. 1984). Thus, their answers to interrogatories 7 and 8 were similarly not substantially justified.[2]

As to interrogatories 8 and 9, the Court summarily granted the motion to compel because it is well-established that responding parties "must respond to the interrogatory fully and completely, supplying all information within [their] knowledge, possession, or control, including information available through [their] attorneys, investigators, agents, or representatives, and any

---

[2] As explained in the next paragraph, the undersigned also granted the motion to compel as to interrogatory 8 on an additional basis.

information obtainable by [them] through reasonable inquiry." *Smith v. Howe Mil. Sch.*, No. 3:96-CV-790RM, 1998 WL 175875, at *2 (N.D. Ind. Feb. 27, 1998). In their non-responsive answers, Defendants did not indicate what their efforts were to obtain the requested information nor that they were not in control of the information or that they could not obtain it through reasonable inquiry. Again, on this basis, their responses to interrogatories 8 and 9 were not substantially justified.

That said, Defendants' argument regarding the scope of interrogatories 5 and 6 and request for production 6 is well-taken. A genuine dispute existed as to the propriety of the requested information as evidenced by the fact that the Court determined that the requested scope was too burdensome on Defendants and reduced the requested discovery to three years instead of five. Therefore, Defendants' objection to interrogatories 5 and 6 and request for production 6 was substantially justified and the Court will reduce the award of attorney fees by 25%.

Defendants also argue that fees should not be levied against them for time spent unrelated to the preparation and filing of the motion to compel. (ECF 73 at 10). They point to time entries on September 26, 27, and 28, 2023, during which Counsel represents engaging in a telephone call with Defendants' counsel and preparing search terms to comply with the Court's ruling on the motion to compel. (*Id.* at 10-11). Those entries, taken together, amount to $550. (ECF 69-1 at 1). The Court agrees that those time entries should be omitted from the fee award.

Rule 37(a)(5)(A) allows a party bringing a motion to compel to recover "reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A); *see Rackemann*, 2018 WL 3328140, at *6 ("[T]his Court has awarded parties their attorneys' fees for 'review[ing] the Court's order granting the motion to compel.'" (alteration in original) (citing *Slabaugh v. State Farm Fire & Cas. Co.*, No. 1:12-cv-01020-RLY-MJD, 2014 WL 1767088, at *3 (S.D. Ind. May

1, 2014))); *Marcum v. Graphic Packaging Int'l, Inc.*, No. 1:13-CV-158, 2013 WL 5406236, at

*3 (N.D. Ind. Sept. 25, 2013) ("Time spent communicating with opposing counsel, related to the

motion to compel, can be included in attorney's fees." (citation omitted)). "Rule 37(a) sanctions

should encompass all expenses, whenever incurred, that would not have been sustained had the

opponent conducted itself properly." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 507 (7th

Cir. 2016) (citation and internal quotation marks omitted); *see Pursell v. HydroChem, LLC*, No.

3:20-CV-01188-MAB, 2023 WL 3203104, at *3 (S.D. Ill. May 2, 2023) ("[C]ounsel should only

be reimbursed for fees for time spent as a result of the motion to compel, not for time they would

have otherwise spent on discovery tasks." (collecting cases)); *Aerwey Labs., Inc. v. Arco*

*Polymers, Inc.*, 90 F.R.D. 563, 565 (N.D. Ill. 1981) ("If opposition to discovery efforts is not

substantially justified, the 'expenses incurred in obtaining the order' should encompass all

expenses, whenever incurred, that would not have been sustained had the opponent conducted

itself properly.").

　　　　Because Counsel would have otherwise spent time selecting search terms and

coordinating with Defendants' counsel to fashion a methodology of search for the requested

discovery had the motion to compel not been filed, the Court will not award fees for the time

entries on September 26, 27, and 28, 2023. Therefore, the requested fee relating to the motion to

compel will further be reduced by $550. In total, the requested fee of $3,075 will be reduced by

$550 (corresponding to time entries dated from September 26 to 28, 2023) yielding a fee of

$2,525. This fee will further be reduced by 25% given that the objections to interrogatories 5 and

6 and request for production 6 were substantially justified, for a reduction in fees from $2,525 to

$1,894.

*B. Rule 72 Objection*

Counsel requests an additional fee of $750 for filing a response to Defendants' Rule 72 objection. (ECF 86, 86-1). "[C]ourts may award a prevailing party fees incurred in responding to objections to a magistrate's order under Rule 72(a)." *Davis v. Ind. Packers Corp.*, No. 4:21-CV-024-PPS-APR, 2022 WL 15739240, at *3 (N.D. Ind. Oct. 28, 2022) (collecting cases) (awarding attorney fees for defending a ruling on a motion to compel sought to be reviewed under Rule 72). Therefore, the Court must also evaluate which fees Counsel may recover for opposing the Rule 72 objection.

Defendants posit that their Rule 72 objection to the Court's ruling on interrogatory 5 and request for production 6 was substantially justified because the Court erred in finding this discovery relevant and proportional and because the Court's ruling was vague because it ordered production of "credentialing requests." (ECF 71 at 3). But the Court doubts a reasonable person, given the record at the time before the undersigned, would believe that it was reasonable to object to the ruling under the highly deferential standard of review of Rule 72. (*See* ECF 75 at 4 (explaining that Rule 72 permits a district court to review objections of a magistrate order when it is "clearly erroneous or is contrary to law," with clear error being an "extremely deferential standard of review" (citing *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)))).

As noted by Chief Judge Brady, Defendants did not identify any clear error of law or fact that could have tainted the ruling on the motion to compel. Rather, it appears Defendants attempted to get a second bite at the apple by rehashing their argument without making a showing of a *clear* error of law. In her Order, Chief Judge Brady explained that Defendants' relevancy argument did not present a clear error because the requested discovery was "consistent with the type of discovery the Magistrate found pertinent" to the limited discovery issue. (ECF

10

75 at 5). She further concluded that Defendants failed to articulate any particular hardship Defendants "face[d], outside of the VA's lack of organization, nor [have they] indicated that the records requested could not be found despite due diligence," all of which are required for Defendants to carry their burden of showing that the requested discovery is not proportional to the case. (*Id.* at 7).

Chief Judge Brady also noted that the undersigned's order was not vague because the parties were clear on the meaning of "credentialing requests" given that "all parties to the telephonic hearing were clearly aware of the type of documents that Plaintiff is seeking, and Magistrate Judge Collins was using the shorthand terminology of 'credentialling requests' to refer to the information requested in Interrogatories 5 and 6." (*Id.* at 5).

This last observation is particularly pertinent here because Defendants' representation regarding the parties' exchange during the meet and confer conference belie their argument that the term "credentialing request" was unclear or too broad, and in turn, that the undersigned's order was vague. (*Contrast* ECF 68 at 11 (Defendants' counsel was "under the impression that, [after the meet and confer,] there was going to be an amendment or some type of revision to those interrogatories to reflect exactly what it is that plaintiff's counsel was looking for, and that never happened."), *with id.* at 17 (referring to "dozens and dozens, if not more, of verification . . . that [Defendants' counsel] think[s] plaintiff admitted during [the] meet and confer she had no interest in pursuing")). Therefore, insofar as Defendants objected to the vagueness of the undersigned's ruling, there was no genuine dispute as to the meaning of the term "credentialing request," and the Court is not persuaded that Defendants' Rule 72 objection was substantially justified on this basis, nor based on the relevancy or proportionality of the discovery sought.

Although attorney fees are warranted, and as Defendants point out, Counsel's affidavit only shows one time entry related to the preparation of the response to the Rule 72 objection. (*See* ECF 87 at 7). This billing entry only corresponds to $550, not $750. (*See* ECF 86-1 at 11). Therefore, Counsel's requested fee for filing a response to Defendants' Rule 72 objection will also be reduced from $750 to $550. In total, Counsel will be awarded $1,894 (fee relating to the preparation of the motion to compel) and $550 (fee relating to the preparation of the response to Defendants' Rule 72 objection), for a total fee award of $2,444.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Counsel's requests for attorney fees (ECF 60, 72), as detailed in Counsel's affidavits (ECF 69, 69-1, 86, 86-1), and modified herein, in the amount of $2,444. Defendants are ORDERED to pay Plaintiff $2,444 within 30 days of this Opinion and Order.

SO ORDERED.

Entered this 27th day of June 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge